UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

ABREU, *et al.*,

                                Plaintiffs,

        --against--

MATTINGLY, *et al.*,

                                Defendants.

------------------------------------------------------------------- X

**ANSWER**

08 CV 535 (WHP)

       Defendants John B. Mattingly, in his official capacity as Commissioner of the Administration for Children's Services of the City of New York, and the Administration for Children's Services of the City of New York ("ACS"), by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, as and for their Answer to the Complaint, respectfully allege as follows:

1. Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiffs purport to proceed as set forth therein.

2. Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiffs purport to invoke the jurisdiction of the Court as alleged therein.

3. Deny the allegations set forth in paragraph "3" of the Complaint, except deny knowledge or information sufficient to form a belief as to the relationship between the adult plaintiffs and the named children and admit that Darron and Jaden attended family day care provided through the Lucille Murray Child Development Center ("LMCDC") network.

4. Deny the allegations set forth in paragraph "4" of the Complaint, except admit that ACS is an administrative agency of the City of New York and that John B. Mattingly is

- 2 -

the Commissioner of ACS and that plaintiffs have sued defendant Mattingly in his official capacity.

5. Deny the allegations set forth in paragraph "5" of the Complaint, except admit that LMCDC did operate a center on East 140th Street in the Bronx and respectfully refer the Court to the statutory authority cited and referred to therein for a complete and accurate statement of its contents.

6. Deny the allegations set forth in paragraph "6" of the Complaint, except admit that LMCDC ceased operations on January 11, 2008.

7. Deny the allegations set forth in paragraph "7" of the Complaint, except admit that ACS wrote a letter to parents and met with parents on November 26, 2007 regarding the closing of the center, in part to advise them of other child care options.

8. Deny the allegations set forth in paragraph "8" of the Complaint.

9. Deny the allegations set forth in paragraph "9" of the Complaint, except admit that under the terms of the lease between the landlord for LMCDC's site and ACS, ACS could terminate the lease with one year's notice, that ACS issued a notice of termination dated October 19, 2007, and that ACS must pay rent on the lease until October 22, 2008, the effective termination date of the lease.

10. Deny the allegations set forth in paragraph "10" of the Complaint.

11. Deny the allegations set forth in paragraph "11" of the Complaint.

12. Deny the allegations set forth in paragraph "12" of the Complaint, except admit that ACS made a statement to the press regarding the closing of LMCDC.

13. Deny the allegation set forth in paragraph "13" of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "14" of the Complaint, except admit that Episcopal Social Services ("ESS") informed ACS that it was willing to consider the possibility of assuming sponsorship of the child care center at LMCDC.

15. Deny the allegations set forth in paragraph "15" of the Complaint.

16. Deny the allegations set forth in paragraph "16" of the Complaint, except admit that ACS froze enrollment in the two-year-old classroom at LMCDC, and admit that plaintiff Abreu's children remained in the LMCDC family day care program in the fall of 2007.

17. Deny the allegations set forth in paragraph "17" of the Complaint.

18. Deny the allegation set forth in paragraph "18" of the Complaint, except admit that family day care providers are not required to have master's degrees or bachelor's degrees.

19. Deny the allegations set forth in paragraph "19" of the Complaint, except deny knowledge or information sufficient to form a belief concerning plaintiff Abreu's actions or findings subsequent to the closure of LMCDC.

20. Deny the allegations set forth in paragraph "20" of the Complaint, except admit that Darron and Jaden continue to attend a family day care provider home and deny knowledge or information sufficient to form a belief as to how the placement of Darron and Jaden affected plaintiff Abreu's ability to continue working.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint.

22. Deny the allegations set forth in paragraph "22" of the Complaint, except admit that plaintiff Abreu was not given a hearing to contest the closure of LMCDC.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "23" of the Complaint.

24. Deny the allegations set forth in paragraph "24" of the Complaint, except deny knowledge or information sufficient to form a belief regarding the presence of after-school programs for Diamond Benjamin to attend in her area.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "25" of the Complaint.

26. Deny the allegations set forth in paragraph "26" of the Complaint.

27. Deny the allegations set forth in paragraph "27" of the Complaint, except admit that plaintiff Garrison was not given a hearing to contest the closure of LMCDC.

28. In response to the allegations set forth in paragraph "28" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "27" inclusive of this answer, as if fully set forth herein.

29. Deny the allegations set forth in paragraph "29" of the Complaint.

30. In response to the allegations set forth in paragraph "30" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "29" inclusive of this answer, as if fully set forth herein.

31. Deny the allegation set forth in paragraph "31" of the Complaint.

**FIRST AFFIRMATIVE DEFENSE:**

32. The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE:**

33. At all times relevant to the acts alleged in the Complaint, the conduct of defendant was lawful.

**WHEREFORE,** defendants request judgment dismissing the Complaint and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated:    New York, New York
          March 14, 2008

                                    MICHAEL A. CARDOZO
                                    Corporation Counsel of the
                                      City of New York
                                    Attorney for Defendant
                                    100 Church Street, Room 2-113
                                    New York, New York 10007
                                    (212) 788-0923

                                    By: _____
                                        Martha Calhoun (MC 5009)
                                        Assistant Corporation Counsel

To:   Thomas M. Murray, Esq., by ECF
      Kennedy, Jennik & Murray, P.C.
      Attorneys for plaintiffs